1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREG KAPLOWITZ,

        Plaintiff,

   v.

ACTING COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

Case No. 18-cv-04008-SVK

**ORDER ON CROSS-MOTIONS FOR
SUMMARY JUDGMENT**

Re: Dkt. Nos. 31, 32

Plaintiff appeals from the final decision of the Commissioner of Social Security denying his application for Supplemental Security Income ("SSI"). For the reasons discussed below, the Court remands the case for further proceedings.

## I.    BACKGROUND

Plaintiff filed an application for SSI in 2014, alleging disability beginning November 27, 2013. *See* Dkt. 28 (Administrative Record ("AR")) 466-468. An Administrative Law Judge ("ALJ") held a hearing and issued an unfavorable decision on January 19, 2017. AR 13-33. The ALJ found that Plaintiff had the following severe impairments: psoriatic arthritis, sacroiliitis, and obesity. AR 18. The ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. AR 20. The ALJ then determined that Plaintiff's residual functional capacity ("RFC") limited him to light work with additional limitations. *Id.* The ALJ concluded that Plaintiff was not disabled because he was capable of performing past relevant work as a graphic designer, as well as other jobs existing in significant numbers in the national economy. AR 26.

After the Appeals Council denied review, Plaintiff sought review in this Court. Dkt. 1 (Complaint). In accordance with Civil Local Rule 16-5, the parties filed cross-motions for summary judgment (Dkt. 31, 32), which are now ready for decision without oral argument.

## II.      ISSUE FOR REVIEW

1.      Did the ALJ err in assigning more weight to the opinions of the non-examining state consultants, the examining state consultants, and the medical expert than that of Plaintiff's two treating rheumatologists (Drs. Wahl and Margaretten) and his primary care physician (Dr. Kimberg)?

## III.      STANDARD OF REVIEW

This Court has the authority to review the Commissioner's decision to deny disability benefits, but "a federal court's review of Social Security determinations is quite limited." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015); *see also* 42 U.S.C. § 405(g). Federal courts "leave it to the ALJ to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record." *Brown-Hunter*, 806 F.3d at 492 (internal quotation marks and citation omitted).

The Commissioner's decision will be disturbed only if it is not supported by substantial evidence or if it is based on the application of improper legal standards. *Id*. at 492. "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations," and this threshold is "not high." *Biestek v. Berryhill*, -- U.S. --, 139 S. Ct. 1148, 1154 (2019) (internal quotation marks, citation, and alteration omitted); *see also Rounds v. Comm'r of Soc. Sec. Admin*., 807 F.3d 996, 1002 (9th Cir. 2015) ("Substantial evidence" means more than a mere scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion") (internal quotation marks and citations omitted). The Court "must consider the evidence as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Rounds*, 807 F.3d at 1002 (internal quotation marks and citation omitted). Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the ALJ's findings if supported by inferences reasonably drawn from the record. *Id*.

Even if the ALJ commits legal error, the ALJ's decision will be upheld if the error is harmless. *Brown-Hunter*, 806 F.3d at 492. But "[a] reviewing court may not make independent findings based on the evidence before the ALJ to conclude that the ALJ's error was harmless." *Id*. The Court is "constrained to review the reasons the ALJ asserts." *Id*. (internal quotation marks

and citation omitted).

## IV. DISCUSSION

Plaintiff challenges the ALJ's evaluation of the medical evidence. In social security disability cases, "[t]he ALJ must consider all medical opinion evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Generally, the opinion of a treating physician is entitled to more weight than the opinion of an examining physician, and more weight is given to the opinion of an examining physician than a non-examining physician. *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014). Where a treating physician's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record, it must be given controlling weight. 20 C.F.R. § 404.1527(c)(2). The ALJ must provide clear and convincing reasons, supported by substantial evidence, for rejecting the uncontradicted opinion of treating physicians. *Ghanim*, 763 F.3d at 1160; *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (holding that ALJ can reject uncontradicted treating physician's opinion "by setting out a detailed and thorough summary of the facts and conflicting medical evidence, stating his own interpretation thereof, and making findings") (internal quotation marks and citation omitted). Where contradicted, the opinion of treating physicians may be rejected only for "specific and legitimate reasons that are supported by substantial evidence." *Ghanim*, 763 F.3d at 1160.

The ALJ cited two reasons for giving the opinions of Plaintiff's three treating physicians, Drs. Wahl, Margaretten, and Kimberg, "little weight": (1) the treating physicians' opinions "provide drastically different limitations despite being formulated in relative proximity to each other when the claimant's condition would not have notably changed"; and (2) inconsistency between the treating physicians' opinions and their own treatment records. AR 25.

### A. Inconsistency among treating physicians' opinions

As to the first reason offered by the ALJ for giving the three treating physicians' opinions little weight, even if the ALJ was correct that the treating physicians' opinions were in conflict, that conflict merely determines the standard to be applied for not crediting the treating physicians' opinions; it is not a legally sufficient reason in itself for discounting those opinions. *See Widmark*

*v. Bernhart*, 454 F.3d 1063, 1066-67 n.2 (9th Cir. 2006) (existence of a conflict among medical opinions by itself cannot constitute substantial evidence for rejecting a treating physician's opinion). To be sure, an ALJ may discount the opinion of a treating physician where it is in conflict with the opinion of another treating physician. *See, e.g., Shaw v. Astrue*, 254 Fed. Appx. 707, 707 (9th Cir. 2007) (holding that treating doctor's "opinions were fairly rejected by conflicting and specific opinions of other treating physicians"). In that situation, however, the ALJ must still provide legitimate and specific explanations for discounting the treating physician's opinion. *See Matta v. Colvin*, No. CV 12-8318 MRW, 2013 WL 2432252, at *3 (C.D. Cal. June 4, 2013). In *Matta,* for example, the district court found that the ALJ had provided legitimate and specific reasons for discounting the opinion of a treating physician, Dr. Gavel, where the ALJ "specifically discussed evidence in the record demonstrating that Dr. Gavel's opinion of total disability lacked objective support—and evidence that supported [another treating physician's] conclusions" and "explained why he credited the articulated findings of [the other] treating physician." *Id.* Here, the ALJ did not specifically discuss any evidence in the record that justified her decision to give one physician's opinion more weight than the others or to reject the treating physicians' opinions entirely.

In addition, the ALJ did not explain her reasons for concluding that the limitations identified by the treating physicians were "drastically different." *See id.* A review of the three opinions identifies several areas where the physicians reached similar conclusions. For example, the two treating physicians who addressed Plaintiff's ability to lift and carry found limitations in his ability to lift and carry weights of 10 and 20 pounds. AR 783 (Wahl opinion stating that Plaintiff could rarely lift 10 pounds and never lift 20 pounds); AR 831 (Kimberg opinion stating that Plaintiff could occasionally lift 10 pounds and rarely lift 20 pounds). Although these physicians' conclusions were not identical, the ALJ did not explain why she rejected both of the treating physicians' opinions on this point, as evidenced by her conclusion that Plaintiff could perform light work, which would require "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." Another example of a common conclusion, by the two treating physicians who addressed the issue, is that Plaintiff would need a

4

job that permits ready access to a bathroom. AR 782 (Wahl); AR 824 (Margaretten). The ALJ neither includes that limitation in her RFC determination nor explains why she rejected it. *See* AR 20.

Accordingly, the ALJ's identification of a conflict between the treating physicians' opinions, without more explanation, is not a sufficient reason to discount those opinions.

### B.    Inconsistency with treatment records

The ALJ's identification of inconsistencies between the treating physicians' opinions and their objective findings may be a specific and legitimate reason to discount the physicians' opinion. *See Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995). Here, the ALJ gave as a second reason for discounting the treating physicians' opinions her conclusion that "the providers' own treatment records failed to show swelling or tenderness of the joints on multiple occasions, his inflammatory markers have decreased with treatment and the claimant's psoriatic arthritis has often been described as controlled." AR 25 (citing Exs. 1F, 4F, 5F, 8F, 12F, 19F). However, despite her reference to "multiple occasions," the ALJ did not identify or address any particular portion of the treating records, which total over 275 pages of the Administrative Record. The Commissioner attempts to supply the information missing from the ALJ's analysis by citing particular portions of the medical record that the Commissioner argues support the ALJ's statement about inconsistencies with the treatment records. Dkt. 32 at 13-15. But "[w]hile the Commissioner has proffered reasons why [the treating physicians'] opinion[s] could be discounted by the ALJ, those reasons should be made in the first instance by the ALJ on the record." *Wallace v. Apfel*, No. C 00-0376 SI, 2001 WL 253222, at *4 n.5 (N.D. Cal. Mar. 2, 2001).

Under the "specific and legitimate reasons" standard, the ALJ was required to set out "a detailed and thorough summary of the facts and conflicting clinical evidence, stating [her] interpretation thereof, and making findings." *Thomas*, 278 F.3d at 957. "'[B]road and vague reasons' do not suffice." *Klee v. Berryhill*, No. 17-cv-00697-DMR, 2018 WL 3956337, at *13 (N.D. Cal. Aug. 17, 2018) (quoting *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989)). Because the ALJ failed to cite particular entries in the medical records of Plaintiff's treating physicians that the ALJ found to be inconsistent with their opinions, the Court is unable to

conclude that the ALJ correctly weighed those opinions.

### C. Conclusion on evaluation of medical evidence

As discussed above, neither reason the ALJ identified for giving the treating physicians' opinions little weight constitutes a specific and legitimate reason for discounting those opinions. Therefore, the Court concludes that the ALJ erred in evaluating the medical evidence.

## V. DISPOSITION

The Social Security Act permits courts to affirm, modify, or reverse the Commissioner's decision "with or without remanding the case for a rehearing." 42 U.S.C. § 405(g); *see also Garrison v. Colvin,* 759 F.3d 995, 1019 (9th Cir. 2014). "[W]here the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." *Benecke v. Barnhart,* 379 F.3d 587, 595 (9th Cir. 2004). However, "[r]emand for further proceedings is appropriate where there are outstanding issues that must be resolved before a disability determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated." *Luther v. Berryhill*, 891 F.3d 872, 877–78 (9th Cir. 2018) (citations omitted).

Because it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. On remand, the ALJ must properly evaluate the medical evidence based on applicable law and the guidance provided in this opinion. It is not the Court's intent to limit the scope of the remand.

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for summary judgment, **DENIES** Defendant's cross-motion for summary judgment, and **REMANDS** this case for further proceedings.

**SO ORDERED.**

Dated: November 21, 2019

SUSAN VAN KEULEN
United States Magistrate Judge